# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS ABILENE DIVISION

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | § § § | |
| **JASON KYLE KERBY** | § § § § § | Case Number: **1:23-CR-00028-H-BU(1)**<br>USM Number: **75249-510**<br>**Tyler Ryan Mayo**<br>Defendant's Attorney |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | 5 and 6 of the superseding indictment filed October 11, 2023. |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 2251(a) - Production of Child Pornography | 08/28/2023 | 5 |
| 18 U.S.C. § 2251(a) - Production of Child Pornography | 08/28/2023 | 6 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Remaining count(s) are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**June 10, 2024**
Date of Imposition of Judgment

*/s/ James W. Hendrix*
Signature of Judge

**James Wesley Hendrix**
**United States District Judge**
Name and Title of Judge

**June 10, 2024**
Date

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

360 months as to count 5; and 360 months as to count 6, with the terms to run consecutive to each other, for a total of 720 months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons: Incarceration at FCI Seagoville, Texas.

The Court recommends that, while incarcerated, the defendant receive appropriate sex-offender, substance-abuse, and mental-health treatment, but the Court did not lengthen the defendant's prison term to promote rehabilitation. *See Tapia v. United States*, 564 U.S. 319 (2011).

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **Life as to both count 5 and count 6 with the terms to run concurrently.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

Defendant's Signature _____    Date _____

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall have no unsupervised contact with persons under the age of 18, nor shall the defendant loiter near places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or intentionally develop a personal relationship with anyone who has children under the age of 18, without prior permission of the probation officer.

2. The defendant shall have no contact with the victim(s) or the victim's family, directly or indirectly without prior approval by the probation officer.

3. The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet.

4. Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., Facebook, Twitter, Snapchat, Instagram, Grindr, Tinder, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

5. The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer, unless any financial obligations have been paid in full.

6. The defendant must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

7. The defendant shall pay an assessment pursuant to 18 U.S.C. § 3014 (JVTA) to the United States in the amount of $10,000.00, payable to the U.S. District Clerk, 341 Pine Street, Room 2008, Abilene, Texas 79601-5928. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. § 3014 remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $200.00 per month until the fine is paid in full.

8. The defendant shall pay an assessment pursuant to 18 U.S.C. § 2259A (AVAA) to the United States in the amount of $10,000.00, payable to the U.S. District Clerk, 341 Pine Street, Room 2008, Abilene, Texas 79601-5928. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. § 2259A remains unpaid, the defendant shall make payments on such unpaid balance beginning 60 days after release from custody at the rate of at least $200.00 per month until the fine is paid in full.

9. The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

10. The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

11. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20.00 per month.

12. The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $20.00 per month.

13. The defendant is ordered to make restitution, in the amount of $540,042.08. Restitution shall be paid to the U.S. District Clerk, 341 Pine Street, Room 2008, Abilene, TX 79601-5928, for disbursement to:

>Justin Cheyne
>In trust for Doe 1
>8469 FM 89
>Tuscola, Texas 79562
>$251,708.48
>
>Justin Cheyne
>In trust for Doe 2
>8469 FM 89
>Tuscola, Texas 79562
>$250,987.06
>
>Justin Cheyne
>In trust for Does 1 and 2
>8469 FM 89
>Tuscola, Texas 79562
>$22,346.54
>
>Carol L. Hepburn
>In trust for Maria
>P.O. Box 17718
>Seattle, Washington 98127
>$7,500.00

DEFENDANT:      JASON KYLE KERBY
CASE NUMBER:    1:23-CR-00028-H-BU(1)

Debrah A. Biano<br>
In trust for Pia<br>
P.O. Box 6503<br>
Bellevue, Washington 98008<br>
$7,500.00

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $540,042.08 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $500.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|        | Assessment | Restitution  | Fine  | AVAA Assessment* | JVTA Assessment** |
|--------|------------|--------------|-------|------------------|-------------------|
| TOTALS | $200.00    | $540,042.08  | $.00  | $10,000.00       | $10,000.00        |

☐ The determination of restitution is deferred until      An *Amended Judgment in a Criminal Case (AO245C)* will be entered
after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $540,042.08 to:

CAROL L. HEPBURN
$7,500.00

DEBRAH A. BIANO
$7,500.00

JUSTIN CHEYNE
$251,708.48

JUSTIN CHEYNE
$250,987.06

JUSTIN CHEYNE
$22,346.54

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution
  ☐ the interest requirement for the              ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:       JASON KYLE KERBY
CASE NUMBER:     1:23-CR-00028-H-BU(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 540,042.08 due immediately, balance due

☐ not later than _____ , or

☒ in accordance    ☐ C,    ☐ D,    ☒ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☒ If, upon commencement of the term of supervised release, any part of the $540,042.08 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $500.00 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**It is ordered that the Defendant shall pay to the United States a special assessment of $200.00 for Counts 5 and 6 , which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: JASON KYLE KERBY
CASE NUMBER: 1:23-CR-00028-H-BU(1)

## FORFEITED PROPERTY

Pursuant to 18 U.S.C. § 2253 and the Preliminary Order of Forfeiture (Dkt. #56) filed 6/5/24, it is hereby ordered that defendant's interest in the following property is condemned and forfeited to the United States: A black Seagate 2TB external hard drive, Serial No. NABP40TM, and all other items listed in Exhibit A seized by law enforcement during the search of the defendant's residence on August 28, 2023, and turned over to law enforcement on September 5, 2023, and September 11, 2023.